**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PERRY CLINE, on behalf of himself and all others similarly situated,

Plaintiff - Appellee,

v.

SUNOCO, INC. (R&M); SUNOCO PARTNERS MARKETING & TERMINALS L.P.,

Defendants - Appellants.

Nos. 22-7017 & 22-7018
(D.C. No. 6:17-CV-00313-JAG)
(E.D. Okla.)

---

PERRY CLINE, on behalf of himself and all others similarly situated,

Plaintiff - Appellee,

v.

SUNOCO, INC. (R&M); SUNOCO PARTNERS MARKETING & TERMINALS L.P.,

Defendants - Appellants.

No. 22-7030
(D.C. No. 6:17-CV-00313-JAG)
(E.D. Okla.)

---

**ORDER**

---

Before **BACHARACH**, **BRISCOE**, and **EID**, Circuit Judges.

---

On June 30, 2022, the court directed the parties to file memorandum briefs addressing in detail whether the court has jurisdiction over Appeal Nos. 22-7017 and

22-7030. These matters are before the court on the briefs filed by the parties. Upon careful consideration of the briefs, the applicable law, and district court docket, the court dismisses Appeal Nos. 22-7017 and 22-7030 for the reasons set forth below.

Sunoco, Inc. (R&M), and Sunoco Partners Marketing & Terminals, L.P. (collectively "Sunoco"), has filed six appeals arising out of the same underlying district court proceeding. They are all related to Sunoco's disagreement with the district court's judgment and orders in favor of a plaintiff class that sued Sunoco for failure to pay interest on late oil proceed payments under Oklahoma law. The district court awarded the plaintiff class $155 million in actual and punitive damages. After its first three appeals were dismissed, Sunoco filed a motion to enjoin enforcement of the judgment "until the [district court] enters a judgment that the Tenth Circuit recognizes as final and appealable and affirms." Doc. No. 376. The district court held a hearing and entered an order granting the motion in part and staying all enforcement actions for 60 days. Doc. No. 405. Sunoco appealed, resulting in Appeal No. 22-7017.

The parties were instructed to engage in mediation while the stay was in place. However, mediation was ultimately unsuccessful, and Sunoco asked the district court to "extend its prior 60-day stay of enforcement actions . . . through resolution of the certiorari petition [related to the dismissal of two of its prior appeals]. . . and . . . the pending Tenth Circuit appeals." Doc. No. 419. The district court denied Sunoco's request and directed the parties to file pleadings to finalize the litigation. Sunoco appealed, resulting in Appeal No. 22-7030.

Generally, this court's jurisdiction is limited to final decisions of the district courts. 28 U.S.C. § 1291. However, § 1292(a)(1) sets forth an exception to the general rule for interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1). "[A] stay order 'by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under [28 U.S.C.] § 1292(a)(1).'" *UFCW Loc. 880-Retail Food Emps. Joint Pension Fund*, 276 F. App'x at 749 n.3 (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988)).

The Supreme Court has explained:

> An injunction and a stay have typically been understood to serve different purposes. The former is a means by which a court tells someone what to do or not to do. When a court employs 'the extraordinary remedy of injunction,' it directs the conduct of a party, and does so with the backing of its full coercive powers.

*Nken v. Holder*, 556 U.S. 418, 428 (2009) (internal citation omitted). Conversely, "a stay operates upon the judicial proceeding itself" and "[i]t does so either by halting or postponing some portion of the proceeding*, or by temporarily divesting an order of enforceability*." *Id.* (emphasis added). Although "'in a general sense, every order of a court which commands or forbids is an injunction; … in its accepted legal sense, an injunction is a judicial process or mandate operating *in personam*,' whereas '[a] stay is an intrusion into the ordinary processes of administration and judicial review.'" *Id.* (citations omitted).

Here, Sunoco's motion to enjoin execution of the underlying monetary judgment sought only to suspend the ordinary course of proceedings before the district court, not enjoin the plaintiff's out-of-court conduct. It did not ask the court to use its coercive powers against a party; instead, it simply asked the court to pause enforcement of its own judgment until certain appellate issues are resolved. In other words, the relief actually sought by Sunoco—in both its original motion to enjoin execution of the judgment and its notice asking the district court to extend the 60-day stay—was a stay, not an injunction. *See Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 477 F.3d 1151, 1153 (10th Cir. 2007) (holding that this court looks "beyond the captions and vocabulary . . . to determine the actual, practical effect of an order before exercising appellate jurisdiction"). As a result, the district court orders challenged by Sunoco are not appealable under 28 U.S.C. § 1292(a)(1), and this court lacks jurisdiction to consider Appeal Nos. 22-7017 and 22-7030.

Sunoco's motion for an injunction or stay filed in Appeal No. 22-7017 is denied as moot. The court will decide the motion for an injunction or stay filed in Appeal No. 22-7018 by separate order.

Sunoco's motion to consolidate Appeal No. 22-7030 with Appeal Nos. 22-7017 and 22-7018 is denied as moot.

The briefing schedule in 22-7018 will be set by further order of the court.

APPEAL NOS. 22-7017 and 22-7030 DISMISSED.

Entered for the Court
CHRISTOPHER M. WOLPERT, Clerk

Olenka George

By: Olenka M. George
Counsel to the Clerk